IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT ENDER,

    Plaintiff,

-vs-                                                Case No. 6:22-CV-01009

CURTIS VASQUEZ; and
ANDREWS LOGISTICS TEXAS, L.P.,

    Defendants.

_____

## COMPLAINT

Plaintiff, through counsel J. Corey Sucher of Bull Attorneys, P.A. and for his claims against Defendants, alleges and states:

### *GENERAL ALLEGATIONS*

1. Plaintiff is a citizen of Kansas.

2. Defendant Curtis Vasquez (hereinafter, "Defendant Vasquez") is a citizen of Texas and may be served at his residence located at 507 W. Gay Avenue, Gladewater, Texas 75647.

3. Defendant Andrews Logistics Texas, L.P. (hereinafter, "Defendant Andrews Logistics") is a Texas limited partnership company with, upon information and belief, no partners who are citizens of the state of Kansas, its principal place of business in Southlake, Texas, and it may be served through its registered agent, John Darron Eschle, 2445 E. Southlake Boulevard, Southlake, Texas 76092.

4. This action is brought pursuant to 28 U.S.C. Section 1332(a) on the basis of diversity of citizenship and the matter in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5. This Court has proper venue and jurisdiction over the persons and subject matter.

6. Defendant Vasquez was operating in the course and scope of his employment with Defendant Andrews Logistics at the time and moment of the motor vehicle collision that is the subject matter of this Complaint (hereinafter, "the collision").

7. For all allegations brought in this Complaint, the actions and/or omissions of Defendant Vasquez are the actions and/or omissions of Defendant Andrews Logistics under the doctrines of respondeat superior and vicarious liability.

8. Defendant Andrews Logistics applied for motor carrier authority through the United States Department of Transportation (DOT) to operate as a motor carrier under DOT number 736714.

9. On or about November 29, 2021, Plaintiff is operating a motor vehicle traveling westbound in the right/outside/curb lane on 21st Street and approaching the Andover Road intersection in Andover, Butler County, Kansas, when Defendant Vasquez, who is operating a semi-truck and attached tanker trailer owned and/or leased and dispatched by Defendant Andrews Logistics and also traveling westbound on 21st Street and while in the course and scope of his employment with Defendant Andrews Logistics, attempts to turn right into a private drive from the left turn lane across two other lanes of traffic and without first signaling and/or confirming it was safe to do so, thereby proximately causing a collision between Defendants' semi-truck and Plaintiff's vehicle, along with injuries and damages to Plaintiff.

10. According to the Kansas Motor Vehicle Crash Report, Officer Gomez of the Andover Police Department writes, "After further investigation of the accident it was learned that V1 (Semi) was in the inside lane westbound on 21st St heading towards Andover Rd.  [Plaintiff] was westbound in the outside lane next to V1.  V1 attempted to turn onto private property from

the outside lane.  While doing so, the trailer being hauled from V1 collided with [Plaintiff] causing damage."

11. Defendants' commercial motor vehicle involved in the collision was dispatched, supervised, maintained, monitored, operated, and controlled by the department of operations and/or the fleet management of Defendant Andrews Logistics.

12. Defendant Vasquez was hired, trained, supervised, and retained by Defendant Andrews Logistics.

13. Defendant Andrews Logistics operates a fleet of commercial motor vehicles, trucks, and/or other vehicles as a motor carrier, as defined by the Federal Motor Carrier Safety Regulations (hereinafter, "FMCSR").

14. At all times material hereto, Defendants were operating under the authority of the DOT and the DOT license number noted above.

15. 49 CFR § 390.3(e)(1) & (2) provide that every driver and employee shall be instructed regarding and shall comply with all applicable regulations contained in the FMCSR.

16. 49 CFR § 390.5 defines "motor carrier" as, "[A] for-hire motor carrier or a private motor carrier.  The term includes a motor carrier's agents, officers and representatives, as well as employees responsible for hiring, supervising, training, assigning, or dispatching of drivers . . . ."

17. Defendant Andrews Logistics was at all material times a "motor carrier," as well as an "employer" of Defendant Vasquez, as such terms are defined in 49 CFR § 390.5.

18. Driver was at all material times an "employee" of Defendant as defined in 49 CFR § 390.5.

19. 49 USC § 14704(a)(2) provides that "A carrier . . . is liable for damages sustained by a person as a result of an act or omission of that carrier . . . in violation of this part."

20. 49 USC § 14101(a) provides that "a motor carrier shall provide safe and adequate service, equipment, and facilities," and Defendants negligently failed to provide safe and adequate service, which proximately caused the injuries and damages to Plaintiff.

21. The FMSCR are located at 49 CFR § 390 *et seq.*  40 CFR § 391.1(a) and (b) state, "(a) The rules in this part establish minimum qualifications for persons who drive commercial motor vehicles, as, for, or on behalf of motor carriers.  The rules in this part also establish minimum duties of motor carriers with respect to the qualification of their Drivers**.**  (b) An individual who meets the definition of both a motor carrier and a driver employed by that motor carrier must comply with both the rules in this part that apply to motor carriers and the rules in this part that apply to drivers."  Per these sections, the FMCSR set forth the applicable minimum industry standards of care, including minimum qualifications and duties for drivers.

22. The allegations contained in this Complaint regarding the FMCSR are set forth to establish that Defendants failed to comply with the minimum industry standards of care per the FMCSR, and in order to establish negligence on the part of Defendants; Plaintiff does not allege any private causes of action for violations of the FMCSR.

### ***NEGLIGENT ACTIONS AND/OR OMISSIONS OF DEFENDANT VASQUEZ AND DEFENDANT ANDREWS LOGISTICS (VIA RESPONDEAT SUPERIOR/VICARIOUS LIABILITY)***

23. The actions and/or omissions of Defendant Vasquez are the actions and/or omissions of Defendant Andrews Logistics under the doctrines of respondeat superior and vicarious liability and are negligent for the following reasons:

    A. Inattentive and/or distracted operation of a commercial motor vehicle;

    B. Improper lane change;

    C. Disregarding lane markings;

D. Improper right turn across another lane/other lanes of through traffic;

E. Failing to check blind spots and confirm safe space to change lanes and/or turn prior to doing so;

F. Failing to yield right-of-way;

G. Operation of a commercial motor vehicle while using a cellular phone, GPS, PDA, mapping or other message device;

H. Driving while using Google maps, Apple Maps, or other cellular mapping navigational software program that served to pull Defendant Vasquez's attention away from the traveled roadway;

I. Speeding in excess of what was reasonable for the then existing conditions;

J. Failing to keep a proper lookout;

K. Failing to exercise ordinary and reasonable care;

L. Failing to warn;

M. Failing to meet the minimum duties and industry standards of care per 49 CFR § 381 through 399;

N. Failing to meet the minimum duties and industry standards of care per 49 CFR § 392.3 by operating a commercial motor vehicle while fatigued and/or while alertness is impaired;

O. Failing to meet the minimum duties and industry standards of care per 49 CFR § 391.11(a) by operating a commercial motor vehicle while not properly qualified;

P. Failing to meet the minimum duties and industry standards of care per 49 CFR § 383.110, 382.111, and 383.113 by operating a commercial motor vehicle

without possessing and/or having demonstrated the safe driving skills and/or knowledge required;

Q. Upon information and belief, operating a commercial motor vehicle while using a wireless communications device to write (i.e., type), send, or read a written communication including, but not limited to, a text message, instant message, and/or email;

R. Negligence and negligence per se for violation of laws, statutes, ordinances and/or regulations of the State of Kansas and/or the City of Andover; and

S. Other actions and/or omissions that will be supplemented after the receipt of full and complete discovery in this case.

### *NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION CLAIMS AGAINST DEFENDANT ANDREWS LOGISTICS*

24. Additionally, upon information and belief, Defendant Andrews Logistics' separate actions and/or omissions also proximately caused the collision, as well as Plaintiff's injuries and damages, and are negligent for the following reasons:

    A. Failing to meet the minimum duties and industry standards of care regarding hiring, training, supervising, and retention per 49 CFR § 381 through 399;

    B. Negligent hiring, training, supervision, and/or retention of Defendant Vasquez;

    C. Failing to adequately warn and/or suspend Defendant Vasquez after the collision;

    D. Failing to terminate Defendant Vasquez after the collision;

    E. Failing to train Defendant Vasquez in proper defensive driving skills before and after the collision;

F. Failing to reprimand Defendant Vasquez after the collision;

G. Failing to retrain Defendant Vasquez after the collision;

H. Failing to train Defendant Vasquez in proper hazard communication signals, hazard perception, and other safe operating protocols utilizing industry accepted commercial training materials from companies such as Smith System, J.J. Keller & Associates, Inc., and/or others;

I. Failing to have adequate, based on industry standards, safety management protocols in place;

J. Failing to properly create and implement a formal safety program that would require, in part, Defendant Vasquez to be comprehensively tested to determine comprehension understanding of defensive driving skills training received;

K. Failing to test Defendant Vasquez for alcohol and drug consumption after the collision;

L. Hiring unfit employees and/or agents, which it knew or should have known posed an undue risk of harm to Plaintiff and others, and failing to properly train, supervise, and monitor them, including, but not limited to, Defendant Vasquez;

M. Retaining employees and/or agents who are not performing their jobs properly or adequately, including, but not limited to, Defendant Vasquez;

N. Failing to use reasonable care in the hiring, selecting, training, monitoring, and retention of its employees and/or agents, including, but not limited to, Defendant Vasquez;

7

  O. Failing to perform its duty of reasonable care to third parties, including, but not limited to, Plaintiff; and/or

  P. Ratifying all conduct of Defendant Vasquez and/or his supervisory and/or hiring personnel, either expressly and/or impliedly.

### *INJURIES AND DAMAGES TO PLAINTIFF*

25. As a further direct and proximate result of the negligent actions and/or omissions of Defendants, as aforesaid, Plaintiff receives injuries to his body, including, but not limited to, his head, low back, mid-back, upper back/neck, ribs, and left foot. Plaintiff may have had aggravation to a pre-existing condition(s), was otherwise injured, and has been damaged with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. In the future Plaintiff will suffer with pain and suffering, mental anguish, loss of time, loss of enjoyment of life, medical expenses, economic loss, permanent disfigurement, and permanent disability. For the aforementioned damages, Plaintiff has been damaged in an amount in excess of $75,000.00.

26. Plaintiff also brings a claim against Defendants for the loss or impairment of his ability to perform services in the household and/or in the discharge of his domestic duties, and does so for the benefit of his spouse (i.e., loss of consortium).

Plaintiff prays for a judgment against each Defendant in an amount in excess of $75,000.00, for costs herein, and for such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**BULL ATTORNEYS, P.A.**

*/s/ J. Corey Sucher*
J. Corey Sucher, #27789
10111 E. 21st Street North, Suite 204
Wichita, Kansas 67206
Ph: 316-684-4400 / Fax: 316-684-4405
corey@bullattorneys.com
*Attorney for Plaintiff*

### DEMAND FOR PRETRIAL CONFERENCE AND JURY TRIAL

Plaintiff demands a pretrial conference and trial by jury in this matter.

### DESIGNATION FOR PLACE OF TRIAL

Plaintiff designates Wichita, Kansas as the place for trial in this matter.

*/s/ J. Corey Sucher*
J. Corey Sucher, #27789